IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GATEWAY OFFSHORE PIPELINE COMPANY | § § § § § | |
| | § | C.A. No. _____ |
| vs. | § § | Rule 9(h) |
| M/V ANTALINA, her engines, tackle, apparel, etc., <u>in rem</u> and PEROVO SHIPPING CO. LTD. <u>in personam</u> | § § § § § | |

## COMPLAINT

COMES NOW Gateway Offshore Pipeline Company (hereinafter "Gateway"), and files its Complaint against the *M/v Antalina* her engines, tackle, apparel, etc. <u>in rem</u> and Perovo Shipping Company, its owner, <u>in personam</u> in a cause of negligence and gross negligence and allege upon information and belief, as follows:

1.

This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure for the United States District Courts. Subject matter jurisdiction exists pursuant to 28 U.S.C. 1333.

2.

At all times pertinent hereto, plaintiff Gateway was and now is a corporation duly organized, created and existing pursuant to the laws of Nebraska with its principal office and place of business located in Houston, Texas, and was at all times a pipeline company, engaged in the business of transporting natural gas in the Gulf of Mexico.

3.

Upon information and belief, at all times pertinent hereto, Defendant *M/v Antalina* is a Cyprus flag bulk 584-foot long cargo vessel IMO Number 8314794 (n/k/a/ M/v ARTEMIS, a Greek flag vessel) is owned by Albamar Shipping located in Athens, Greece, (at the time of the events giving rise to this action owned by Perovo Shipping Co. Ltd., a foreign corporation, located in Limassol, Cyprus, and is managed by TEO Shipping Corp. located in Athens, Greece).

4.

Gateway owns and operates a 10¾ inch pipeline that lies under about 240 feet of water in the Gulf of Mexico and runs for about 10 miles in a general north and south direction from High Island Block A-389 to a tie-in to a 30" pipeline (HIOS) at High Island Block A-332. Prior to the pipeline being shut down in preparation for Hurricane Ike's arrival in the Gulf of Mexico, the pipeline was fully functioning and properly operating to transfer natural gas from operating wells in the Gulf of Mexico to HIOS.

5.

On or about September 12, 2008, Gateway's pipeline was severely damaged when drifting *M/v Antalina*'s anchoring system allided with the pipeline, grabbed it, and dragged it about 2,000 feet upon which the northern connection to the HIOS line ruptured and caused the end of Gateway's pipeline to come to rest approximately 800 feet to the southwest of the connection to HIOS.

6.

Hurricane Ike formed west of the Cape Verde Islands off the coast of Africa at the end of August 2008. On September 1, 2008, it became a tropical storm and as it moved toward the Gulf Coast off Texas in early September it grew in size and strength. On September 4, 2008, Ike

became a powerful Category 4 storm, with maximum sustained winds of 145 miles per hour ("mph") and a pressure of 935 mbar. On September 7, 2008, Ike passed over the Turks and Caicos Islands as Category 4 storm with 135 mph winds. Ike then moved westward along Cuba on September 7, 2009, decreasing in strength to a Category 1 hurricane on September 9. After passing over Cuba, Ike intensified until it made landfall over Galveston, Texas, on September 13, 2008 at 2:10 a.m. Central Standard Time ("CST") as a strong Category 2 hurricane with Category 5 equivalent storm surge.

7.

*M/v Antalina* with loaded with approximately 11,000 metric tons of petroleum coke when it left Beaumont-Port Arthur on September 11, 2008 to escape Hurricane Ike. Although *M/v Antalina* has two engines, due to poor maintenance practices, only one of its two engines was in operating condition when it left port. Big ships, such as *M/v Antalina*, tend to prefer running from big storms, such as Hurricane Ike, at sea rather than staying in port, but it is well known in the maritime trade that being at sea in a big storm without power can be deadly and disastrous.

8.

Not long after *M/v Antalina* left port with only one operating engine its poor maintenance practices caused disaster to strike. At about 4 a.m. on Friday, September 12, 2008, *M/v Antalina* lost most of its propulsion from its only engine after a fuel pump broke down about 90 miles southeast of Galveston. While *M/v Antalina* had some propulsion, it was not enough to control the vessel in Hurricane Ike. The Captain was in regular communication with Perovo, the vessel's owner, who had privity and knowledge of the vessel's unseaworthy condition. In reckless disregard for the safety of the life of the crew and property, Perovo instructed the vessel

to remain at sea instead of seeking safe harbor in its debilitated condition. Consequently, the vessel was adrift in the storm unable to steer or make headway.

9.

*M/v Antalina*'s situation quickly worsened around 4:30 a.m. CST on Friday, September 12, 2008 when it lost all of its main propulsion. Although it sent out a distress call to the United States Coast Guard, the crew of *M/v Antalina* did not ask to be rescued because it hoped to repair its engines. Around 2 p.m. CST that day, a Coast Guard jet flew over *M/v Antalina*, reporting that the vessel was in reasonably good shape in 30-foot seas and winds raging at 90 mph about 120 miles southeast of Galveston, Texas. *M/v Antalina*'s situation, however, quickly deteriorated as Hurricane Ike strengthened and the vessel drifted in a southwesterly direction.

10.

Sometime after losing propulsion, *M/v Antalina* dropped it anchor(s) in an effort to control the direction in which the ship faced Hurricane Ike. It was during this period that drifting *M/v Antalina*'s anchoring system allided with and damaged Gateway's pipeline.

11.

By approximately 8:00 p.m., Friday, September 12, 2008, the heaviest winds of Hurricane Ike had passed the vessel and it was safe. By then, the vessel had drifted to a point approximately 170 miles southeast of Galveston. Although *M/v Antalina* was safe, its negligence left a waft of damage as the drifting vessel allided with an offshore oil platform (Beryl's West Cameron 599) and its anchor damaged Gateway's pipeline in an amount in excess of $75,000, excluding interests and costs, as it was dragging across the ocean floor.

12.

After Hurricane Ike had passed and operations in the Gulf of Mexico began to normalize, Gateway attempted to reactivate the pipeline in November, 2008, only to discover it was severely damaged – broken at the HIOS tie-in and bowed outward in a curved shape with anchor scrapes detected on the ocean floor at the apex of the curve. A review of vessel traffic in the vicinity of Gateway's pipeline immediately before and after the hurricane indicated that no vessel except the disabled and drifting *M/v Antalina* was in the immediate vicinity of the pipeline dragging its anchors.

13.

Venue is proper in this District Court pursuant to Admiralty and Maritime Claims as *M/v Antalina* has been present in this district and is expected to return, and suit is convenient here as the casualty occurred offshore of this District. Perovo Shipping Co. Ltd., a foreign corporation, did business in Texas and is subject to "alienage" jurisdiction in this District Court pursuant to 28 U.S.C. §1332(a)(2).

14.

All and singular, the matters aforesaid are true and correct, and within the jurisdiction of the United States and this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, plaintiffs pray:

1. That plaintiffs have judgment against *M/v Antalina,* her engines, tackle, apparel, etc., in rem and Perovo Shipping Co. Ltd. in personam for all amounts due, plus interest attorney's fees and costs.

2. That *M/v Antalina* be condemned and sold to pay the demands as aforesaid, with interest, costs and disbursements.

3. That plaintiffs have such other and further relief in the premises as in law and justice it may be entitled to receive.

Respectfully submitted,

By: /s/ Peter A. McLauchlan
Peter A McLauchlan
TBA No. 13740900
John Gray
TBA No. 00793850
Fed. ID No. 19487
1000 Louisiana, Suite 3400
Houston, Texas 77002
Telephone: (713) 276-5730
Telecopier: (713) 276-6730

ATTORNEY-IN-CHARGE FOR PLAINTIFF,
GATEWAY OFFSHORE PIPELINE COMPANY

HOUSTON 1060094v.1