```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION

GATEWAY OFFSHORE PIPELINE      §
COMPANY,                       §
                               §
                               §
            Plaintiff,         §
                               §
VS.                            §   CIVIL ACTION H-10-860
                               §
M/V ANTALINA, her engines,     §
tackle, apparel, etc., in rem  §
and PEROVO SHIPPING CO., LTD., §
in personam,                   §
                               §
            Defendants.        §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, asserting negligence and gross negligence and alleging that Defendants *M/V Antalina* and Perovo Shipping Co., Ltd. ("Perovo") are liable for damaging Plaintiff Gateway Offshore Pipeline Company's ("Gateway's") subsea pipeline at a depth of over 200 feet during Hurricane Ike, is Gateway's motion under Federal Rule of Civil Procedure 59(e) for reconsideration (instrument #57) of the Opinion and Order and Final Summary Judgment issued by the Court (#54 and 55).

**Standard of Review**

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). "A motion to alter or amend the judgment under Rule

59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'"  *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)(*quoting Simon v. United States*, 891 F.3d 1154, 1159 (5th Cir. 2003)).  It also cannot be used to re-litigate issues "that simply have been resolved to the movant's dissatisfaction."  *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).  Altering, amending or reconsidering a judgment is an extraordinary measure that should rarely be granted and only when there is (1) an intervening or change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.  *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A court has considerable discretion in determining whether to reopen a case in response to a motion for reconsideration under Rule 59(e).  *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir.  1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)(*en banc*).  In such a circumstance the court "must strike the proper balance between two competing imperatives:  (1) finality, and (2) the need to render just decisions on the basis of all the facts."  *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).  "Courts do not grant

new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking new trial." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999), *cert. denied*, 529 U.S. 1019 (2000).

**Gateway's Motion for Reconsideration (#57) and Reply (#59)**

Gateway argues that the Court's Opinion and Order (#54) granting Perovo's motion for summary judgment and the Final Summary Judgment (#55) contained clear error that will result in manifest injustice because the Court imposed an improperly high burden requiring positive proof. The Court found that a factfinder could not draw a reasonable inference from the expert, lay, and circumstantial evidence in the record that the *M/V Antalina*'s negligence played any part in causing the damage to the pipeline unless supported by a witness's explicit testimony on causation. *Russell v. Delco Remy*, 51 F.3d 746, 749 (7th Cir. 1995); *Huffman v. Union Pacific Railroad*, 683 F.3d 619, 620 (5th Cir. 2012)(*per curiam*)(Dennis, J., dissenting from the Fifth Circuit's failure to rehear case *en banc* and objecting to the "panel opinion hold[ing] that a FELA jury may not infer directly from the evidence that the railroad's negligence contributed to the plaintiff's injury unless a witness has first expressly testified that such a causal relationship exists" because it adds extra burdens to the standard of causation in FELA and Jones Act cases and because it directly

conflicts with *CSX Transportation, Inc. v. McBride*, 131 S. Ct. 2630 (2011)(test for causation of injury under FELA is "whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought"), and *Rogers v. Missouri Pacific Railroad Co.*, 352 U.S. 500, 506 (2004)(The test for causation under FELA "is simply whether . . . employer negligence played any part, even the slightest, in producing the injury."),[1]

---

[1] The Jones Act adopts the FELA standard of causation by reference. *Huffman*, 683 F.3d at 620. n. 1, *citing Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 301 n.2 (5th Cir. 2008).
    Nevertheless, as Perovo correctly points out, the instant suit is a general maritime negligence case, not a suit for Jones Act negligence, and the reduced standard for causation under FELA and Jones Act negligence does not apply. "Under the general maritime law, a party's negligence is actionable only if it is the 'legal cause' of plaintiff's injuries. . . . '[L]egal cause is 'something more than 'but for' causation and the negligence must be a 'substantial factor' in the injury." *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992)(citations omitted), *cited for that proposition in In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3 201, 213-14 (5th Cir. 2010). The elements of negligence under general maritime law are "essentially the same as land-based negligence under the common law." *Great Lakes*, 974 F.2d at 211. This Court maintains that it applied the appropriate standard for causation in #54 at p.4.
    Perovo also suggests that on summary judgment in a nonjury case, as where Gateway elected to have a bench trial under Federal Rules of Civil Procedure 9(h) and 38(e), a more lenient standard mirroring that governing involuntary dismissals, in which the court as the fact finder may resolve disputed issues of fact, applies. *See U.S. Fid. & Guar. Co. v. Planters Bank & Trust Co.*, 77 F.3d 863, 865 & n.1 (5th Cir. 1996). The Court would point out that the Fifth Circuit has since indicated that it "has not actually adopted" the lenient standard discussed in *Planters Bank* under which "the district judge could grant summary judgment based on inferences drawn from incontrovertibly proven facts, as long as there is no issue of witness credibility." *Illinois Central R. Co. v. Mayeux*, 301 F.3d 359, 362 n.1 (5th Cir. 2002).

*cert. denied*, 133 S. Ct. 840 (2013). Gateway insists that the evidence, viewed in the light most favorable to Gateway, shows that multiple issues of fact are in dispute and that the case should go to trial.

Gateway singles out two parts of the Court's Opinion and Order. First the Court pointed out that Gateway produced no evidence that the pipeline was damaged on September 12, 2008, the date on which the *Antalina* was drifting in the Gulf of Mexico in the vicinity of the pipeline and not on some other date than when Hurricane Ike hit the area, since the gas line was shut off for approximately two months from September 2008 until November 2008, when the damage and leak were first discovered. #54 at p. 6. Second, it found equivocal the testimony of Gateway's witness, experienced Captain Wozniak, "I guess [the damage] could have been caused by some other anchor, I don't know, . . . may have been caused by a loaded vessel, [bulk carrier] and its anchor." *Id.* at p. 8.[2]

Gateway contends that it is not required to produce evidence of a "smoking gun," but only to produce evidence that, when considered in the light most favorable to Gateway, would create genuine issues of material fact that would permit a jury to

---

[2] This Court also pointed out that there was no evidence that the *Antalina,* which struck an oil platform nineteen miles away from the damaged section of the pipeline, came closer to that portion of the pipeline. #54 at p.7.

reasonably base a verdict in its favor.

Gateway argues that where damages occurred on the sea floor during a hurricane, "positive proof" might not be available and therefore plaintiffs may rely on circumstantial evidence. *Minerals & Chemicals Philipp Corp. v. S.S. National Trader*, 445 F.2d 831, 832 (2d Cir. 1971)("By the very nature of a fire, its cause must often be proven through a combination of common sense, circumstantial evidence, and expert testimony.").[3]  The Fifth Circuit recognized the value of circumstantial evidence in a

---

[3] In response, noting that fire cases are unique in their treatment of circumstantial evidence because fire destroys physical evidence. Perovo cites *Marquette Transp. Co. v. Louisiana Machinery Co.*, 367 F.3d 398, 402 (5th Cir. 2004), in which the appellate court states, "Even so, the evidence must be **sufficient** to find both negligence **and** causation (emphasis in original)." In *Marquette* the Fifth Circuit determined that the trial court did not err in finding that there was insufficient circumstantial evidence of negligence and causation to prevail because there was credible expert testimony on both sides, the vessel had been out of the defendants' control for more than a month before the fire, and the destruction caused by the fire made it difficult to determine the cause.

In addition, Perovo cites a case it had relied on in its motion for summary judgment but that Gateway never addressed, *Pioneer Natural Resources USA, Inc. v. Diamond Offshore Co.*, 638 F. Supp. 2d 665, 688-91 (E.D. La. 2009), in which a semi-submersible drilling rig adrift in a hurricane allegedly damaged a sub-sea pipeline system. The court granted summary judgment to the vessel owner after the pipeline owner sued for general maritime law negligence, but presented insufficient evidence. Noting that "[i]n pipeline damage cases, maritime law allows proof of causation by inferences arising from circumstantial evidence," the court opined that the plaintiff must still prove his case by a preponderance of all the evidence in the case, whether direct or circumstantial. *Id.* at 689. The court *inter alia* found no evidence that mooring lines or anchor chains belonging to the vessel were what caused the damage even though it was clear that the vessel had crossed the pipeline.

maritime Jones Act case in *Huffman*, 683 F.3d at 620 n.2 ("'Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence.'"), *quoting Rogers v. Missouri Pac. R. Co.*, 352 U.S. 500, 508 n.17 (1957). While conceding that there is no direct evidence of what happened deep underwater in the Gulf of Mexico during Hurricane Ike, Gateway maintains that its evidence raises genuine issues of material fact through the following evidence: expert evidence that the pipeline was damaged by man-made forces; evidence that the damage occurred between when the pipeline was shut in and when it was reopened; evidence of anchor scars next to the pipeline at a location in line with the apex of the pipeline bow as it was being dragged across the ocean floor in an area in which one would expect to finds such a scar; expert evidence that an anchor from a large, loaded vessel dragging along the ocean floor and catching and dragging Gateway's pipeline probably caused the damage; expert evidence that the *Antalina* was the only large loaded vessel in the vicinity of the pipeline between the time the pipeline was shut in and reopened; expert evidence showing that *Antalina*'s anchors were dropped after alliding with the Beryl Platform WC599; and expert evidence that *Antalina* was drifting toward Gateway's pipeline from its last known coordinates during Hurricane Ike when it was flown over by a United States Coast Guard Falcon jet.

Gateway discusses testimony of Captain Wozniak and Perovo's

navigation chart for the date of Hurricane Ike to argue that *Antalina* came within three miles of the damaged pipeline, that its anchors were lowered and dragging along the ocean floor. It further objects that the Court considered Captain Wozniak only to be a simple fact witness when he was redesignated as an expert witness after his deposition and his opinions in his original and supplemental affidavits are uncontroverted.

Gateway's Reply essentially reiterates what it discussed in its motion.

### Perovo's Response (#58)

Perovo insists that Gateway's Rule 59(e) motion does not establish any sort of manifest error or law or material fact and presents no newly discovered evidence, but only rehashes the same arguments previously considered by the Court and thus should be denied.

Furthermore, Perovo argues that Gateway fails to meet its burden to present evidence essential to demonstrate causation: (1) the date when the pipeline was damaged during the two-month window that the gas line was turned off; (2) that an anchor caused the damage; and (3) if an anchor caused the damage, whose anchor did so.

### Court's Decision

The Court agrees with Defendants. Gateway has not clearly established either a manifest error of law or fact or presented

newly discovered evidence, but has rehashed old issues on which the Court previously ruled. Nor has it showed any change in the applicable law. Moreover, because, as this Court determined on summary judgment, there was insufficient evidence, certainly less than a preponderance, to determine on what day the pipeline was damaged during the two-month period when the gas line was shut down, Gateway's evidence regarding where the *Antalina* was on the day that Hurricane Ike hit the locality of the pipeline is inadequate for imposing liability on Perovo and its vessel, the *M/V Antalina*, no less that an anchor damaged the pipeline and, if so, which vessel's anchor may have damaged the pipeline. Moreover the Court did consider Captain Wozniak's supplemental affidavit, did give credit to his "experience" and "knowledge of marine navigation" (#54 at P. 8) even if it did not use the word "expert," pointed out its limitations, and found that Gateway did not meet its burden of proof.

    Accordingly, the Court

    ORDERS that Gateway's motion for reconsideration (#57) is DENIED.

    **SIGNED** at Houston, Texas, this  29th  day of  May , 2013.

                                           MELINDA HARMON
                               UNITED STATES DISTRICT JUDGE